Citation Nr: 1448523 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-06 140 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUES

1. Entitlement to service connection for fibromyalgia, to include as secondary to service-connected posttraumatic stress disorder (PTSD).
 
2. Entitlement to service connection for a hiatal hernia, to include as secondary to service-connected PTSD.

3. Entitlement to service connection for hypertension, to include as secondary to service-connected diabetes mellitus or PTSD.

4. Entitlement to service connection for gastroesophageal reflux disease (GERD), to include as secondary to service-connected PTSD.

5. Entitlement to service connection for a bowel disorder, characterized by chronic diarrhea and constipation, to include as secondary to service-connected PTSD.

6. Entitlement to service connection for a sleep disorder, to include as secondary to service-connected PTSD.


REPRESENTATION

Veteran represented by: John Berry, Attorney


ATTORNEY FOR THE BOARD

Patricia Kingery, Associate Counsel


INTRODUCTION

The Veteran, who is the appellant in this case, had active service from August 1966 to July 1966. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky.

In February 2011, the Board, denied service connection for fibromyalgia and hypertension and remanded the issues of service connection for hiatal hernia, GERD, and irritable bowel syndrome for further evidentiary development. The Veteran appealed the Board's denial of service connection for fibromyalgia and hypertension to the United States Court of Appeals for Veterans Claims (Court). In August 2011, the Court vacated the Board's February 2011 decision pursuant to a Joint Motion for Remand and remanded the claim to the Board for readjudication. In January 2012, the Board remanded the issue of service connection for fibromyalgia and hypertension for further evidentiary development. 

In November 2012, the Board denied service connection for fibromyalgia and a hiatal hernia, to include as secondary to PTSD, and remanded the issues of service connection for hypertension, gastroesophageal reflux disease (GERD), a bowel disorder, and a sleep disorder for further evidentiary development. The Veteran appealed the November 2012 Board decision to the Court. In an April 2014 Memorandum Decision, the Court vacated the Board's decision and remanded the claims of service connection for fibromyalgia and hiatal hernia to the Board for readjudication. The Court held that the portions of the February 2012 VA examination report addressing esophageal conditions and fibromyalgia are unclear and the Board did not address or resolve these ambiguities; therefore, the Court held that the Board had provided inadequate reasons and bases to support the denial of service connection for fibromyalgia and hiatal hernia. 

In October 2014, the Veteran submitted an article entitled "Psychological trauma and physical health: A psychoneuroimmunology approach to etiology of negative health effects and possible interventions." The Veteran specifically stated that he wanted his case remanded to the agency of original jurisdiction (AOJ) for consideration of this additional evidence in the first instance. The Board has not only reviewed the Veteran's physical claims file, but also the file on the "Virtual VA" system to insure a total review of the evidence. 

The appeal is REMANDED to the AOJ. 


REMAND

Service Connection for Fibromyalgia 

In the February 2012 VA fibromyalgia examination report, the VA examiner noted that the Veteran reported various symptoms "attributable to fibromyalgia" and identified the frequency of those "fibromyalgia symptoms," but concluded that "no diagnosis of fibromyalgia could be made." In the April 2014 Memorandum Decision, the Court found that these statements appeared inconsistent, if not wholly contradictory, and that the remainder of the VA examination report did little to resolve the apparent discrepancy as to whether the Veteran has a current diagnosis of fibromyalgia. As there remains some question as to whether the Veteran has a current disability of fibromyalgia, the Board finds that an additional VA examination is necessary. McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). 

Service Connection for Hiatal Hernia

In the February 2012 VA esophageal conditions examination report, the VA examiner opined that "there are no findings of a hiatal hernia or GERD on [the Veteran's] upper GI x-rays . . . . It is unlikely that there is a significant hiatal hernia if there are not findings." In the April 2014 Memorandum Decision, the Court found that the VA examiner's use of the qualifier "significant" obfuscates the opinion, raising the question as to whether the examiner was requiring a certain degree of herniation before diagnosing the Veteran with a hiatal hernia and leaving open the possibility that the Veteran has a less severe hiatal hernia that the examiner did not consider "significant." Further, in an October 2014 written statement, the Veteran's representative contended that the gastrointestinal problems may be associated with the psychiatric medication prescribed. As there remains some question as to whether the Veteran has a current hiatal hernia, and, if so, the etiology of any hiatal hernia, the Board finds that an additional VA examination is necessary. Id. 

(Previously Remanded) Service Connection for Hypertension, 
GERD, a Bowel Disorder, and a Sleep Disorder

In November 2012, the Board, in pertinent part, remanded the claims for service connection for hypertension, GERD, a bowel disorder, and a sleep disorder for further evidentiary development. Based on review of the claims file, it does not appear that the development directed by the Board in the November 2012 remand has been conducted. As such, the Board finds that an additional remand is required for the AOJ to comply with the November 2012 Board remand instructions. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance).




Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination(s) to obtain an opinion to assist in determining the nature, including diagnosis, and etiology of any current fibromyalgia, hiatal hernia, hypertension, GERD, bowel disorder, and sleep disorder. The claims folder should be made available to the examiner. The VA examiner should diagnose any fibromyalgia, hiatal hernia, hypertension, GERD, bowel disorder, and sleep disorder. For each diagnosed disability, the VA examiner should offer the following opinions:

Is it at least as likely as not (50 percent or greater probability) that the diagnosed disability was caused by the service-connected PTSD, to include psychiatric medications?

Is it at least as likely as not (50 percent or greater probability) that the diagnosed disability was aggravated (permanently worsened in severity beyond a natural progression) by the service-connected PTSD, to include psychiatric medications? 

With respect to any diagnosed fibromyalgia, the VA examiner should note and discuss the relevance, if any, of the article submitted by the Veteran, entitled "Fibromyalgia Linked to PTSD, but not Major Depression," Medscape Medical News, 53784, June 16, 1994.

With respect to any diagnosed hiatal hernias, GERD, or bowel disorder, the VA examiner should note and discuss the relevance, if any, of a National Center for PTSD Fact Sheet, submitted by the Veteran, entitled "PTSD and Physical Health" that asserted "there is some evidence to indicate PTSD is related to . . . gastrointestinal . . . disorders."

With respect to the claimed hypertension, the VA examiner should note and discuss the relevance, if any, of the July 2012 VA medical addendum opinion notation that "hypertension may be more common among those with certain personality traits, such as hostile attitudes and time urgency/impatience." 

The examiner should provide a rationale and basis for all opinions expressed.

2. Then, readjudicate the appeal. If any of the claims remain denied, provide the Veteran and representative with a supplemental statement of the case and allow an appropriate time for response. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
J. Parker
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).